**William EASON, Plaintiff,**

**v.**

## NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, Defendant.

**Civ. A. No. 79–0171.**

**United States District Court, District of Columbia.**

**April 30, 1981.**

Earl H. Douple, Jr., Washington, D.C., for plaintiff.

Lillian A. McEwen, David H. Shapiro, Asst. Attys., Dept. of Justice, Washington, D. C., Frank Berndt, Chief Counsel, David W. Allen, Asst. Chief Counsel, Allan J. Kam, Atty. National Highway Traffic Safety Administration, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

Plaintiff, a Safety Standards Engineer, GS–14, seeks relief under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (hereinafter "ADEA" or "the Act") alleging that the defendant, his employer, the National Highway Traffic Safety Administration (hereinafter "NHTSA") denied him seven promotions because of his age. The complaint challenges NHTSA's procedures for evaluating prior work experience, asking *inter alia*, that plaintiff be promoted retroactively and awarded back pay. As a rule, NHTSA gives full credit for any work experience accumulated within the past ten years and then, in addition, half credit for experience accumulated more than ten

years ago. (This practice will be referred to as the half-credit rule.) Since the Court finds that the challenged rating procedures did not prevent the plaintiff from receiving any of the sought promotions and absent discrimination against him on the basis of age, as alleged, the defendant is entitled to summary judgment as a matter of law.

The material, undisputed facts follow. In the fall of 1975, plaintiff, aged forty-five, applied for seven GS–15 Safety Standards Engineer vacancies within NHTSA and was rejected each time. On February 23, 1977, plaintiff filed a grievance with the Office of Personnel Management alleging age discrimination; and this charge was forwarded to NHTSA's Office of Civil Rights. Subsequently, plaintiff contacted an Equal Employment Opportunity Counselor who conducted an informal inquiry and reported that although the half-credit rule "seemed" discriminatory, there had been no age discrimination against the plaintiff.

Formal administrative proceedings were thereafter initiated by the filing of a complaint with NHTSA's Office of Civil Rights, which then conducted an on-site investigation. The inquiry's final report concluded that plaintiff had not suffered any age discrimination from the half-credit rule. Following this decision, plaintiff met with management officials to attempt an informal resolution of the complaint, but no agreement was reached, and on March 1, 1978, NHTSA issued a proposed disposition of the charge finding no discrimination and providing no corrective action. Plaintiff appealed this finding to the Civil Service Commission, which held a hearing on July 17, 1978. Based on oral testimony and documentary evidence adduced at the hearing, the Examiner recommended a finding of no discrimination, which finding was later adopted by the Administration.

Having exhausted his administrative remedies, plaintiff filed suit in this Court. The matter is now ripe for disposition as both parties have moved for summary judgment.

At the time plaintiff applied for the seven promotions, the Administration had detailed procedures for evaluating the applications of its employees who were seeking promotion, examining the applicant's experience, prior performance, training, awards, and outside activities. In considering whether an applicant was minimally qualified to even apply for a position, the Administration considered all experience equally. After this initial screening, a Ratings Panel examined all of the applicants' experience. According to Veronica Ellison, Personnel Management Specialist at NHTSA, the Panel then was directed to,

> first identify the months and years of any creditable experience, and then determine the 'quality' of that experience, which may be Directly Related, Related, or Indirectly Related (or intermediate steps between those three). After the quality of experience was determined, then points were assigned for each month of such experience as follows: 65 points for Directly Related, 55 points for Related, and 40 for Indirectly Related.... The 'best' or highest point value for 72 months (i. e., 6 years) of experience were (sic) then used. While half credit only is given to experience more than ten years old, no more than 72 months experience could be used under any circumstances. The number of months of each quality of experience was then multiplied by the aforementioned point values for the quality determined, and the product of that multiplication was then divided by 72 (which represents the number of months) and the quotient represents the point value for experience.

Affidavit of Veronica Ellison (II) at ¶ 6. Thus, half credit was given to experience more than ten years old prior to the selection of the seventy-two months of "best" experience, which was used for comparison purposes.[1]

---

1. The defendant initially did not utilize the half-credit rule. In August, 1975, the Administration provided that recency of experience would be a validation factor and one year later, in order to protect against wholesale disregard of older experience, the Administration adopted

The Panel then compared each applicant's points with previously established threshold scores and placed the names of those individuals scoring above this point on a "Certificate of Eligibles," which was then given to the selecting official. This Certification consisted of two categories, "qualified" and "highly qualified," with different threshold scores, and each candidate was listed without his score, in alphabetical order. The selecting official never saw an individual's experience rating. He could select any highly qualified candidate; qualified candidates could be selected only if the official justified bypassing the highly qualified individuals.

This dispute centers on the half-credit rule, plaintiff claiming that it violated the ADEA because there is a direct relationship between age and experience and that older applicants will tend to have more directly related experience subject to the half-credit rule than younger applicants. The defendant, admitting all material facts, contends that the half-credit rule does not discriminate on the basis of age. Defendant asserts that the rule initially was adopted to ensure that older experience, that otherwise might have been completely discounted, was given some credit. Additionally, the defendant maintains that because of rapid technological change in the automotive industry, the half-credit rule is a reasonable employee selection device. Defendant also submitted affidavits demonstrating that, absent the half-credit rule, plaintiff would not have been promoted to any of the sought after positions.

The ADEA prohibits both private and public employers from discriminating against persons "because of their age." 29 U.S.C. §§ 623, 633(a). The Act protects employees between the ages of forty and seventy. 29 U.S.C. § 631. Labor Department Regulations interpreting the Act provide that the clear purpose of the ADEA is to ensure that age is not a determining factor in employer decisions. 29 C.F.R. § 860.103(c).

Under the Act, the plaintiff's burden of production is satisfied by the presentation of a prima facie case of age discrimination. *See, e. g., Rodriguez v. Taylor*, 569 F.2d 1231 (3rd Cir. 1977), *cert. denied* 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978); *Hodgson v. First Federal Savings & Loan Association*, 455 F.2d 818 (5th Cir. 1972). To satisfy this burden, plaintiff must demonstrate 1) that he belongs to the protected class, 2) that he applied and was qualified for a job for which the employer was seeking applicants, 3) that he was rejected despite his qualifications, and 4) that, after his rejection, the employer continued to seek applicants with similar qualifications for the position for which plaintiff applied.[2] *Murnane v. American Airlines, Inc.*, 482 F.Supp. 135 (D.D.C.1979). After presentation of a prima facie case, the burden of production shifts to the employer "to articulate a legitimate, non-discriminatory reason" for the employee's rejection. *Cartagena v. Secretary of the Navy*, 618 F.2d 130 (1st Cir. 1980); *Loeb v. Textron*, 600 F.2d 1003, 1011 (1st Cir. 1979). Upon such a showing, the plaintiff's prima facie case is rebutted and the plaintiff has the burden of persuasion to prove that age was a determining factor in his nonpromotion. *See Smith v. Flax*, 618 F.2d 1062, 1066 (4th Cir. 1980); *Loeb v. Textron, supra* at 1011–1012, *Kerwood v. Mortgage Bankers Association of America, Inc.*, 494 F.Supp. 1298, 1308 (D.D.C.1980).[3]

the half-credit rule. As a result of labor negotiations in September, 1978, the Administration abandoned the half-credit rule, replacing it with a plan that permits evaluators to deduct a limited point value for older experience.

**2.** The fourth element of this test is not really applicable in the same sense as expressed in *Murnane*, because in this case, the employer selected an individual from a group of applicants; selection of one inherently meant the rejection of another. This was not an instance where plaintiff was rejected for a position that remained unfilled until some time later when the employer selected an applicant.

**3.** Plaintiff concludes that he has met his burden of proof by showing that defendant's rating system had a "propensity" to discriminate on the basis of age. Pl.Mem. in Opp. to Def. Motion at 9. Since proof that age was a "determinative factor" is essential to recovery un-

■ While plaintiff alleges age discrimination in NHTSA's refusal to promote him to any of seven vacancies, position announcement numbers 77–23, 77–24, 77–25, 77–26, 77–27, 77–32, and 77–33, as to one of these positions, vacancy 77–32, plaintiff's claim is wholly meritless because in the initial review of plaintiff's application, the Office of Personnel did not deem him even minimally qualified after considering all of his experience and before the application of the half-credit rule. Ellison Aff. (I) ¶ 2. As to the other six claims, it appears that no material factual issues remain for consideration and that the defendant is entitled to judgment as a matter of law that it did not violate the ADEA by utilization of the half-credit rule in the instant case.

Even assuming that plaintiff could establish a prima facie case, the defendant has justified the use of the half-credit rule for legitimate, non-discriminatory reasons. The rule is based on the NHTSA's needs because of the rapid technological and engineering changes occurring in the automotive industry, particularly in the area of fuel economy. Affidavit of Samuel F. Powel, III, Chief of the Technology Assessment Division, Office of Passenger Vehicle Research at NHTSA, at ¶¶ 3–4. Five of the six vacancies in issue are in the area of fuel economy. Given everchanging technologies, consideration that recent experience is more important than years' past experience is clearly related to the Administration's goals and operations.

Further, plaintiff has failed to show that age was a determining factor in the decisions not to promote him. *See Jackson v. National Highway Traffic Safety Administration*, Civil Action No. 78–2396 (D.D.C., decided November 19, 1980). Plaintiff asserts that were it not for the half-credit rule, he would have been rated highly qualified. Affidavit of William Eason at 1. The

defendant has submitted materials indicating that even absent the half-credit rule, plaintiff would not have been placed on the Certificate of Eligibles. Ellison Aff. (I) at ¶ 4; Ellison Aff. (II) at 2. This contention is based on a recalculation of plaintiff's quality scores giving him full credit for all of his experience, and is validated by actual rating forms submitted with defendants' materials. Ellison Aff. (II). This documentation indicates that although plaintiff's experience rating would, in some cases, have been somewhat higher, his scores still would have been below the thresholds set for the two categories in the various Certificates of Eligibles.

As to only one position, vacancy 77–23, plaintiff was rated "qualified" on the Certificate of Eligibles and, absent the half-credit rule, his score would have been higher but not high enough to make the "highly qualified" list. Ellison Aff. (I), ¶ 4; Ellison Aff. (II), ¶ 8. Because plaintiff would have remained in the qualified group and because the selecting official never sees the scores once the Certificate of Eligibles is submitted, the change in plaintiff's score could not have affected the decision not to promote him. Because the defendant has demonstrated that no changes would have resulted had the half-credit rule not been applied, the plaintiff is not able to carry his burden.[4] *Cf. Rogers v. Equal Employment Opportunity Commission*, 551 F.2d 456 (D.C. Cir.1977) (Defendant prevailed since plaintiff would not have received a position absent alleged racial discrimination.); *Rosaly v. Ignacio*, 593 F.2d 145 (1st Cir. 1979) (Employer who impermissibly considered protected expression in employment decision can prevail by showing same decision would have been reached absent such a consideration.)

---

der the ADEA, *Loeb v. Textron, supra* at 1019, a mere propensity would be insufficient to satisfy plaintiff's burden of persuasion.

4. Plaintiff attempts to discredit the recalculation of his scores by alleging that the threshold scores for certification were arbitrary and that the individual panelists' quality ratings for ex-

perience were subjective and not representative of the actual value of his experience. This contention is, however, irrelevant to his complaint under the ADEA because he has not alleged that the threshold scores or the panelists themselves discriminated on the basis of age.

Plaintiff's final contention is that the half-credit rule has an adverse impact on employees protected by the ADEA, and that the burden is on the defendant to show that the half-credit rule is sufficiently related to the employment in question. An allegation of adverse impact satisfies the plaintiff's burden if he shows that the practice in question selects applicants in a pattern significantly different from the pool of applicants, and then the burden shifts to the defendant to show that the practice has a manifest relationship to the position in question. *Cf. Albemarle Paper Company v. Moody*, 422 U.S. 405, 425, 95 S.Ct. 2362, 2375, 45 L.Ed.2d 280 (1975) (setting out these burdens for claims of racial discrimination).

NHTSA's employment statistics do not reveal an adverse impact resulting from the half-credit rule. For the vacancies presently in issue, there were fifty-seven applicants in the selection pool. Four of the applicants were less than forty years old. Only one of these four was chosen for a position. The remaining positions were filled by applicants whose average age was 47.5, or approximately the same as the plaintiff, or even older. *See* Civil Service Commission, Findings and Recommended Decision in the Discrimination Complaint of William R. Eason, Decision No. DC–07138–0225, Sept. 28, 1978 at 2. Furthermore, the age statistics in plaintiff's branch and office within the NHTSA refute the existence of a discriminatory hiring pattern as well.[5]

Plaintiff is unable to demonstrate that he was discriminated against on the basis of his age, either by virtue of the application of the half-credit rule to his applications for promotion, or by his allegations of adverse impact in the operation of the half-credit rule. It appearing that no material issues of fact remain and that the defendant is entitled to summary judgment as a matter of law, judgment will be entered for the defendants and the case will be dismissed.

---

5. In December, 1977 there were twenty-two engineers or professionals in the Office of Crash Avoidance. Of these, eighteen were forty years of age or older. In the Lighting and Visibility Branch, there were three engineers or professionals and all were over forty. *See* Report of Investigation, Departmental Office of Civil Rights, NHTSA (Jan. 6, 1978), *reprinted in* Administrative Record, Exh. 8.