Victor S. SAKELLAR,
Plaintiff-Appellant,

v.

LOCKHEED MISSILES AND SPACE
CO., Defendant-Appellee.

No. 83-2701.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 13, 1984.

Decided July 19, 1985.

John D. Fouts, True, Wetzel, Colton, Fouts & Ogulnik, San Francisco, Cal., for plaintiff-appellant.

B. Scott Silverman, Morrison & Foerster, San Francisco, Cal., for defendant-appellee.

Before WRIGHT, POOLE, and WIGGINS, Circuit Judges.

POOLE, Circuit Judge:

Victor Sakellar appeals the entry of judgment against him after a bench trial in an employment discrimination action. He claimed that Lockheed's failure to rehire him after layoff violated the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1)(ADEA). An additional claim of national origin discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*, was abandoned at trial. We affirm.

Except for a brief layoff in 1973, Lockheed continuously employed Sakellar from 1961 until he was laid-off on March 9, 1979. He was then fifty-four years old. While laid-off, Sakellar did not apply for a specific job with Lockheed. Laid-off Lockheed employees are included in a pool with new applicants for available jobs. When an applicant submits a resume, it is the duty of Lockheed employee Mrs. Jo Hill to code it for skill and experience, and to place it in an automated referral system. The system compares the skill and experience codes of potential candidates with the codes of available positions at Lockheed. When a job opening appears, Lockheed first seeks internal recruitment among present employees and then turns to the pool of new applicants and laid-off employees.

Evidence of Sakellar's qualifications was before the court, including a copy of his resume and his testimony that he was qualified for jobs posted by Lockheed. The parties stipulated that Sakellar identified seventy jobs for which he claimed to be qualified. Only six of the skill codings matched his. Four were filled internally, and the remaining two positions, for Product Assurance Engineers, were filled by individuals younger than Sakellar. When Sakellar sought to introduce a list of these jobs into evidence and to testify about his qualifications for them, the district judge declared that he would "treat the plaintiff as though he had proven a prima facie case," adding that if he changed his mind on this issue he would "give adequate notice for the plaintiff to prove his case in greater depth, if the plaintiff wishes to do so." Lockheed then presented evidence that Sakellar was not qualified for the Product Assurance Engineer positions, and that other applicants were better qualified for those positions.

Mrs. Hill testified that she considered only the most recent ten year period of an applicant's employment history in coding resumes. Sakellar argued that this "ten year rule" had a disparate impact upon

employees due to age. The court, however, ruled that there was no evidence of disparate treatment, and rejected Sakellar's disparate impact theory. Before the ruling, the judge had expressed philosophical disagreement with the ADEA.[1]

Sakellar claims that the refusal to allow his testimony concerning his qualifications for positions at Lockheed prevented him from establishing a prima facie case of disparate treatment. He also asserts that he established a prima facie case of age discrimination under a disparate impact theory, and that the district judge's bias prevented a fair trial of his claim.

### Disparate Treatment

■ To prevail under a disparate treatment model, Sakellar must show through direct or circumstantial evidence Lockheed's intent to discriminate. *See Hagans v. Clark*, 752 F.2d 477, 481 (9th Cir.1985). The elements of a prima facie case under the ADEA are similar to those set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) for Title VII cases. *Douglas v. Anderson*, 656 F.2d 528, 531–32 (9th Cir.1981). In the present context, involving refusal to rehire from a layoff, a prima facie case of disparate treatment due to age may be shown if Sakellar demonstrates that he was within the protected class of individuals between forty and seventy years of age, that in a time of reduction in force he applied for but did not receive another position, that a younger person with similar qualifications received that position, and that Sakellar was qualified for that position. *Fugate v. Allied Corp.*, 582 F.Supp. 780, 784 (N.D.Ill.1984); *see also, Douglas*, 656 F.2d at 532–33.

■ The plaintiff has the ultimate burden of persuading the court that he has suffered the discrimination charged, but proof of a prima facie case raises an inference of discrimination. An employer can rebut this inference by showing a legitimate, nondiscriminatory reason for its conduct. The plaintiff may then attempt to prove that the employer's reason is a mere pretext to conceal discriminatory motivation. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

■ This prima facie method of proving a case, however, was not intended to be rigid or ritualistic, and is merely one way to evaluate the evidence in a discrimination case. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978). It must be kept in mind that the ultimate factual inquiry is whether the defendant discriminated against the plaintiff. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093. If a defendant offers a legitimate, nondiscriminatory basis for its employment decision, whether the plaintiff actually made out a prima facie case is not relevant. *U.S. Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983). As long as the plaintiff has an adequate opportunity to demonstrate that an employer's proffered reasons were not the true reasons for an employment decision, *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095, the court can proceed with the ultimate factual inquiry—did the defendant

1. The judge declared that

It is unnecessary for this Court at this time to consider whether this section of the Civil Rights Act of 1964 could be correctly interpreted as protecting against discrimination on account of age. A person who had reached only the age of fifty-six, while it is perfectly true that the text of the language of the statute does not suggest that a person of only fifty-six years of age could not be the victim of discrimination on account of age, it may well be that a study of the purposes of the Act, particularly in light of its legislative history, would lead any sensible court to conclude that the language of the statute is not to be read literally, but is intended to act as a protection for persons who have reached a status of advanced age far beyond fifty six.... it certainly is arguable that the present civil rights statute is not intended to protect people as young as fifty-four years of age. Nonetheless, it is unnecessary for the Court to rest upon that legal principle. For here, the facts are such as to show that there is nothing of substance to the prima facie case which the plaintiff believes it has proved.

Reporter's Transcript, 142–144.

discriminate against the plaintiff? *Aikens,* 460 U.S. at 715, 103 S.Ct. at 1482; *Wall v. National Railroad Passenger Corp.,* 718 F.2d 906, 908–09 (9th Cir.1983).

■ By assuming that a prima facie case had been shown, the court deemed Sakellar to be qualified for positions at Lockheed which he did not receive. Further testimony about qualifications at that point in the trial was unnecessary. Moreover, Sakellar's counsel stated that the question of his client's qualifications could be addressed during cross-examination of Lockheed's witnesses, although he later failed to do so.

Lockheed both contested Sakellar's qualifications and proffered a legitimate, nondiscriminatory reason for not rehiring Sakellar: it asserted that he lacked the skills and experience required for the Product Assurance Engineer positions, and that the persons hired were better qualified than he. In disputing Sakellar's qualifications, Lockheed attacked an element of the prima facie case which the judge had assumed. Lockheed failed to explain why it did not offer Sakellar one of the other sixty four other positions for which he claimed he was qualified. Presumably, this was because his skill and experience codes did not match the codes for those jobs.

With the inference of discrimination rebutted, the burden returned to Sakellar to demonstrate that Lockheed's explanation was but a pretext for discrimination. This he failed to do. When the judge asked counsel if Sakellar had any further evidence, he neither attempted additional demonstration of his qualifications for the Product Assurance Engineer positions, nor offered evidence that the claim other applicants were more qualified was a pretext. He also did not offer evidence that he was in fact qualified for positions whose skill and experience codes did not match his codes.

Sakellar thus failed to meet his ultimate burden of showing that age was a determining factor in Lockheed's decision not to rehire him, *Steckl v. Motorola, Inc.,* 703 F.2d 392 (9th Cir.1983), and the court's conclusion that Sakellar was not the victim of disparate treatment due to his age was not clearly erroneous. Fed.R.Civ.P. 52(a); *Casillas v. United States Navy,* 735 F.2d 338, 342 (9th Cir.1984).

### Disparate Impact

Sakellar did not challenge Lockheed's resume coding procedures at the outset of the trial. But then Mrs. Hill testified that she considered only the most recent ten year period of an applicant's employment history in coding resumes. Evidence showed that three fewer skill boxes were coded on Sakellar's Employment Form in 1979 than in 1973. The ten year rule thus operates to cut off consideration of work experience that is more than ten years old. According to Sakellar, the rule is so closely linked to age that it discriminates against older workers on its face.

■ Disparate impact claims involve employment practices that are facially neutral in their treatment of different groups, but that in fact deal more harshly with one group than another. *Teamsters v. United States,* 431 U.S. 324, 336 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977). To establish a prima facie case of disparate impact, a plaintiff must show that a neutral practice had a significant discriminatory impact upon a protected class. Once such a showing is made, the burden shifts to the employer to demonstrate that the practice has a manifest relationship to employment. A plaintiff may still prevail upon a showing that the practice was a mere pretext for discrimination. *Commecticut v. Teal,* 457 U.S. 440, 446–47, 102 S.Ct. 2525, 2530, 73 L.Ed.2d 130 (1982).

■ Lockheed itself introduced evidence suggesting that its coding procedures may have impacted disparately upon age, but Sakellar presented no evidence of the ten year rule's impact on anyone other than himself. There was thus no evidence that the ten year rule selects applicants for rehire in a significantly discriminatory pattern based upon age, *Peters v. Lieuallen,* 746 F.2d 1390, 1392 (9th Cir.1984) (per curiam), such as statistical evidence, *e.g., Kelly v. American Standard, Inc.,* 640 F.2d 974, 980 n. 9 (9th Cir.1981). *See also Yart-*

*zoff v. Oregon Employment Division,* 745 F.2d 557, 558 (9th Cir.1984) (per curiam) (survey of other individuals performing similar tasks not statistically significant evidence of disparate impact upon the protected group).

Rather, Sakellar asserts that the ten year rule "invariably has an adverse impact on older individuals." However, circumstances raising merely a bare inference of discriminatory impact are not enough; a plaintiff must prove discriminatory impact to establish a prima facie case. *Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 482 (9th Cir.1983). *Contra, Haskins v. Secretary of Health and Human Services,* 35 F.E.P. Cases 256, 262 (W.D.Mo.1984) (policy of excluding work experience over ten years old has a "patent disparate impact on older persons"); *Cf., Eason v. National Highway Traffic Safety Administration,* 512 F.Supp. 1199, 1204 (D.D.C.1981) (policy of giving half credit for experience over ten years old had no adverse impact due to age), *aff'd.* 701 F.2d 221 (D.C.Cir.1983); *Coopersmith v. Roudebush,* 517 F.2d 818, 822–23 (D.C.Cir.1975) (plaintiff's statistics did not show that preference for applicants with recent experience had a disparate impact upon women).

Additional discovery might have unearthed evidence of age related disparate impact, but it is also conceivable that the ten year rule had a disparate impact upon people who have long worked for Lockheed, within and outside the protected class. Therefore, the district court's conclusion that Sakellar failed to show discriminatory impact was not clearly erroneous. *Peters v. Lieuallen,* 746 F.2d at 1392.

### The District Judge's Conduct

Sakellar's argument that a fair trial of his claim was impossible due to the district judge's bias was not sustained. Sakellar's claim is similar to challenges pursuant to 28 U.S.C. §§ 144 or 455, which allow for the disqualification of federal judges if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Mayes v. Leipziger,* 729 F.2d 605, 607 (9th Cir.1984); *United States*

*v. Nelson,* 718 F.2d 315, 321 (9th Cir.1983). Review of the transcript does not raise doubts about the district judge's impartiality.

There is no evidence that the judge was either personally biased or prejudiced against Sakellar or that he formed an opinion on the merits about the case from an extrajudicial source. *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). Rather, the judge's remarks, *see* note 1, were merely an expression on a point of law, and not sufficient to show personal bias or prejudice. *Antonello v. Wunsch,* 500 F.2d 1260, 1262 (10th Cir.1974); *see also, Smith v. Danyo,* 585 F.2d 83, 87 (3d Cir.1978) (judge's belief that diversity of citizenship personal injury litigation does not belong in federal court is not evidence of bias against a personal injury plaintiff).

AFFIRMED.