967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph BODNAR, Plaintiff-Appellant,
v.
MOTOROLA, INC., a Delaware corporation; McDonnell Douglas
Corporation, a Maryland corporation; McDonnell Douglas
Helicopter Company, a Delaware corporation; Honeywell,
Inc., a Delaware corporation, Defendants-Appellees.
 No. 91-15710.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1992.
Decided May 29, 1992.
 
 Appeal from the United States District Court for the District of Arizona, CV90-628-PHX-PGR; Paul G. Rosenblatt, District Judge, Presiding.
 Before BOOCHEVER, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court granted summary judgment to the defendants on Bodnar's claims under the Age Discrimination in Employment Act [ADEA], 29 U.S.C. § 621 et. seq. It was conceded for purposes of the motion that defendants maintained a practice of requiring bachelor's degrees for certain positions. However, the district court held that Bodnar failed to raise a triable issue of fact on his claim that defendant's practice had an adverse impact on individuals over 40 years of age. We reverse the district court's judgment.
 
 
 3
 A prima facie case of disparate impact may be established by statistical evidence showing that an employment practice has the effect of denying members of a protected group equal access to employment opportunities. See New York City Transit Authority v. Beazer, 440 U.S. 568, 584 (1979). However, statistical evidence is not required as a matter of law in either ADEA or Title VII cases. See Sekellar v. Lockheed Missiles and Space Co., 765 F.2d 1453, 1456 (9th Cir.1985) (noting that statistical evidence is but one of the possible indicia of disparate impact caused by a specific employment practice). When statistical evidence is introduced, it need not be overwhelming, but it must provide more than a mere scintilla of evidence if it is the sole support for the plaintiff's claim that a practice has a disparate impact. See Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986). Moreover, "[t]here is no requirement ... that a statistical showing of disproportionate impact must always be based on analysis of the characteristics of actual applicants." Dothard v. Rawlinson, 433 U.S. 321, 330 (1977). When, as here, occupational requirements may deter otherwise qualified applicants from applying, disparate impact need not be established by reference to the applicant pool. Instead, it may be done by "reference to a reasonable proxy for the pool of individuals actually affected by the alleged discrimination." Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 482 (9th Cir.1983).
 
 
 4
 In the present case, the affidavit of Robert Rich makes out a prima facie case that the requirement of a bachelor's degree has a disparate impact on individuals over the age of forty in the computer professional field. Mr. Rich has extensive experience in that field and reviewed a large data base that is relevant to Bodnar's claims. The statistics isolated by Mr. Rich are imperfect: although the raw data is reliable in many respects (such as large sample size, geographic focus, and statistically significant difference between population groups), it fails to contain the precise age of the applicants. Although common sense indicates--and is almost certainly the case--that individuals who entered the computer profession in 1965 or earlier are (as a group) currently older than individuals who entered the computer profession between 1985 and 1990, the exact degree and nature of that correlation remains unilluminated by the statistics identified by Mr. Rich.
 
 
 5
 We need not decide, however, whether the statistical analysis offered by Mr. Rich would alone be sufficiently probative to require reversal of the district court's judgment because we find that the statements in his affidavit regarding his personal knowledge of the characteristics of applicants in the industry are sufficient to mandate reversal. Mr. Rich's affidavit contained the following statement:
 
 
 6
 "Not only do the statistics available through our data base show those over 40 are much less likely to have a bachelor's degree, I have observed first-hand based on my experience working in the recruiting profession that in fact computer professionals over the age of 40 are much less likely to have a degree than their counterparts who are in their twenties or early thirties."
 
 
 7
 Mr. Rich also stated in his affidavit that "[b]ased on my professional experience it is my opinion that there is a direct correlation between an applicant's age and the likelihood of whether they will possess a bachelor's degree." Mr. Rich's expertise and experience in the field qualify him to make these statements, and they are probative evidence that a requirement of a bachelor's degree would indeed have a disparate impact on individuals over the age of 40. Mr. Rich's statements, especially when combined with the well-founded but imperfect statistical evidence located in Source EDP's database, suffices to establish a genuine issue of material fact whether the requirement of a bachelor's degree has the effect of denying individuals over the age of 40 equal access to employment opportunities.
 
 
 8
 Accordingly, the decision of the district court is reversed and the case remanded for further proceedings.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3