73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sarah M. PERSLEY, Plaintiff-Appellant,
v.
PACIFIC BELL DIRECTORY, Defendant-Appellee.
 No. 94-56391.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1995.*
Decided Dec. 18, 1995.
 
 Before: ALDISERT**, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Sarah M. Persley appeals pro se the district court's grant of Pacific Bell Directory's motion for summary judgment on her claim brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634.[1] We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Persley has come forward with no evidence to establish a prima facie case of age discrimination. See Sakellar v. Lockheed Missiles & Space Co., 765 F.2d 1453, 1455 (9th Cir.1985), cert. denied, 474 U.S. 1084 (1986). But even assuming she satisfied this threshold burden, Pacific Bell Directory met its burden to "articulat[e] some legitimate, nondiscriminatory reason for its conduct." Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983) (internal quotations omitted). The uncontroverted evidence proved that Pacific Bell Directory phased out the division in which Persley was working due to technological developments, and that it did so in conformance with the nondiscriminatory procedures found in the Collective Bargaining Agreement.
 
 
 4
 Once Pacific Bell Directory presented evidence that it took the adverse action for other than an impermissibly discriminatory reason, "the burden then returned to [Persley] to demonstrate that [Pacific Bell Directory's] explanation was but a pretext for discrimination." Id. To meet this burden, Persley was required to come forward with "specific, substantial evidence of pretext," id., which she failed to do. Although Persley alleged that employees who were younger and who had similar qualifications transferred into other jobs with Pacific Bell Directory for which she also had applied, she presented no evidence to support this allegation. And the affidavit of a coworker on which Persley relies does not raise a genuine issue of material fact on the issue of pretext. We conclude therefore that the court properly entered summary judgment in favor of Pacific Bell Directory.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Persley also claimed that Pacific Bell Directory had discriminated against her on the basis of an alleged disability, she failed to raise this issue in her brief on appeal, and we therefore deem it abandoned. Wilcox v. Comm'r, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)