112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Greg LANG, Plaintiff-Appellant,
v.
INTEL CORPORATION, a Delaware Corporation, Defendant-Appellee.
 No. 95-36210.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1997.*
Decided April 23, 1997.
 
 1
 Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Greg Lang appeals the district court's grant of summary judgment to his former employer, Intel Corporation. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 I. BACKGROUND
 
 4
 Lang, who is African-American and disabled, brought suit against Intel for wrongful termination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17, and the Americans with Disabilities Act, 42 U.S.C. §§ 12201-12213. It is undisputed that Lang established a prima facie case of discrimination. Intel claims, however, that Lang was fired because, in violation of Intel's published harassment guidelines, he sexually harassed female co-workers on numerous occasions and continued to do so even after being warned that if he did not stop it could result in his termination.
 
 
 5
 Lang offered several items of evidence to show that Intel's proffered reason for firing was pretextual. Included among the evidence submitted by Lang were anonymous affidavits from four Intel employees regarding Intel's policies and practices. When Lang filed these affidavits with the district court he also filed a motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to maintain the anonymity of the affiants and a sworn affidavit by Lang's counsel stating that "the employees are in fear of losing their jobs or otherwise incurring retaliation by Intel and make their affidavits based on condition that their identity not be disclosed." Intel filed motions to exclude or to strike portions of these anonymous affidavits. The affiants themselves never requested anonymity nor expressed fear of retaliation and no additional evidence was presented to show that the affiants had any reason to fear such retaliation.
 
 
 6
 Although Intel had moved to strike the affidavits four days earlier, the district court granted Lang's motion to maintain the anonymity of the affiants. Six months later, the district court granted Intel's motion to strike these affidavits because the court concluded that Lang's contention in the Rule 26(c) motion that Intel might retaliate against the affiants was unsubstantiated and therefore to allow the affidavits into evidence would be unfair to Intel. Further, the district court concluded that Rule 56 of the Federal Rules of Civil Procedure does not permit testimony of "secret witnesses."
 
 
 7
 After reviewing all of the evidence except the stricken affidavits, the district court granted Intel's motion for summary judgment on the discrimination claims. The district court held that Lang failed to create a triable question of fact as to whether Intel's proffered non-discriminatory reason for firing him was pretextual. Lang filed a motion for reconsideration that the district court denied. Lang timely appealed the district court's ruling excluding the anonymous affidavits and its final order granting summary judgment to Intel.
 
 II. ANALYSIS
 A. Anonymous Affidavits
 
 8
 Lang contends that the district court abused its discretion in excluding the anonymous affidavits. Evidentiary rulings are reviewed for an abuse of discretion and should not be reversed absent some prejudice. Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1399 (9th Cir.1996). Even assuming, arguendo, that the district court abused its discretion in striking the affidavits, this abuse was not reversible error because it did not result in prejudice to the plaintiff.[1] Viewing all of Lang's evidence, including the stricken affidavits, in the light most favorable to him, we conclude that he failed to raise a triable issue of pretext.
 
 B. Summary Judgment Motion
 
 9
 We review a grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We apply the same standard used by the trial court to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the trial court correctly applied the relevant law. Id. Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 
 10
 In a Title VII disparate treatment claim, the plaintiff first must establish a prima facie case of discrimination which creates a presumption of discrimination. Wallis v. J.R. Simplot, 26 F.3d 885, 889 (9th Cir.1994). Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for its employment decision. Id. If the employer satisfies this burden of production, the presumption of discrimination is rebutted and drops from the case. Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, 255 (1980). The burden then shifts back to the plaintiff to present evidence that the employer's legitimate reason is merely a pretext for discrimination. Id. at 256. The plaintiff "must produce specific facts either directly evidencing discriminatory motive or showing the employer's explanation is not credible." Lindahl v. Air France, 930 F.2d 1434, 1438 (9th Cir.1991). The plaintiff cannot "rely on generalizations. He must produce evidence of facts that either directly show a discriminatory motive or show that the [employer's] explanation for his [termination] is not credible." Warren, 58 F.3d at 443. The ultimate burden of persuasion rests upon the plaintiff at all times. Burdine, 450 U.S. at 253.
 
 
 11
 This three-step analysis also applies to Title VII disparate treatment claims decided on summary judgment. See Wallis, 26 F.3d at 889. Summary judgment is not appropriate if a rational trier of fact could determine that the employer's actions were taken for discriminatory reasons. Id. To avoid summary judgment, the plaintiff need only raise a genuine issue of material fact regarding whether the employer's stated reason is a pretext for discrimination. Id. at 890. However, the plaintiff must produce "specific, substantial evidence of pretext." Id. (quoting Steckl v. Motorala Inc., 703 F.2d 392, 393 (9th Cir.1983)).
 
 
 12
 Lang argues that the district court did not merely require him to create a material issue of fact but "to prove that defendant's reasons were pretextual." (District Court Opinion at 14). We agree that, literally read, the language of the district court misstates plaintiff's burden at summary judgment. The plaintiff need not "prove" pretext but must merely create a triable issue of fact. Despite the district court's misdescription of the plaintiff's burden, however, the court's analysis applied that the correct standard. After Lang established a prima facie case of discrimination, Intel presented evidence that Lang was fired because he sexually harassed his female co-workers.[2] Because Intel presented a legitimate nondiscriminatory reason for the termination, the burden shifted back to Lang to present evidence that Intel's reason was pretextual. Wallis, 26 F.3d at 890. Because Lang failed to present such evidence, the court reasoned he had not met his burden.
 
 
 13
 Lang argues that the fact that Intel failed similarly to discipline non-African-American or able-bodied employees is evidence of pretext. To prevail on a claim of disparate treatment, a plaintiff must show that similarly situated employees were treated differently. Wall v. National R.R. Passenger Corp., 718 F.2d 906, 909 (9th Cir.1983) (fact that employer did not fire three white employees for similar conduct does not demonstrate disparate treatment where African-American employee who was terminated had prior disciplinary record and the white employees did not). Ordinarily, this would be an issue of fact appropriate for trial. However, the difference in kind and severity of the incidents cited by Lang and his own behavior is so extreme that we conclude no issue of fact remains. Meyer v. California & Hawaiian Sugar Co., 662 F.2d 637, 640 (9th Cir.1981) ("[T]he incidents cited by [plaintiff] are not such parallels to [his] case as to raise a genuine issue of pretext."). Lang's inappropriate conduct was far more severe and persistent than that of the other employees and hence the discipline he received was accordingly more severe. See Wall, 718 F.2d at 909 ("When warranted by the circumstances, an employer may discipline repeat offenders more severely than first time offenders.")
 
 
 14
 Lang next argues that Intel's failure to include its Diversity Specialist, an African-American, in the processing of his case creates an inference of discrimination. The fact that Intel chose to follow its general policy for disciplining an employee provides no support for such an inference.[3] By the same token, Lang's argument's about Intel's failure to meet its own affirmative action goals and Federal Contract Compliance are similarly unavailing. That an employer failed to meet its own self-imposed affirmative action goals or those imposed by the government does not create an inference of discrimination against an individual employee.
 
 C. Other Issues Raised On Appeal
 
 15
 Lang contends for the first time in his reply brief that the district court abused its discretion by admitting portions of Intel's affidavits for summary judgment purposes because they contain inadmissible hearsay. He also argues for the first time that evidence was presented to create "a reasonable inference that Intel was seeking to rid itself of a disabled employee." "It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs." Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990) (quotations omitted); accord Fed.R.App.P. 28(a)(4) ("The argument [section of an appellant's opening brief] shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor...."). No exceptions to this general rule are implicated here. For instance, appellee did not raise the issue in its brief. See Eberle, 901 F.2d at 818. We therefore decline to consider these issues.
 
 III.
 
 16
 Even considering the affidavits erroneously excluded by the district court, Lang failed to produce sufficient evidence from which a rational trier of fact could conclude that the proffered reason for terminating Lang was mere pretext. Accordingly, we AFFIRM the order of the district court granting summary judgment to the defendant.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lang also contends that the district court's denial of his motion to allow Intel to take the testimony of the protected affiants, or in the alternative, to disclose the identities of the affiants was an abuse of discretion. Even if Lang is correct, the district court's error was harmless
 
 
 [2]
 We note that under this court's decisions in Ellison v. Brady, 924 F.2d 872 (9th Cir.1991) and Intlekofer v. Turnage, 973 F.2d 773 (9th Cir.1992), not only was Intel permitted to terminate Lang because of his sexually harassing behavior toward his co-workers, Intel was required to do so. Ellison and its progeny require an employer to discipline an employee who engages in sexual harassment. The discipline must be reasonably calculated to end the harassment. If Intel failed to discipline Lang after multiple complaints and warnings, it could be held liable under Title VII to the complaining co-workers for Lang's harassment
 
 
 [3]
 Indeed, it could create an inference of discrimination if the company employed a different procedure in processing complaints against minority employees