Leonardo C. MARIANO,
Plaintiff–Appellant,

v.

KING COUNTY ELECTION OFFICE,
King County Records, Elections and
Licensing Services Division, Defendant–Appellee.

No. 06–35060.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Leonardo C. Mariano, Everett, WA, pro se.

Karen Astrid Pool Norby, King County Prosecuting Attorney's Office, Civil Division/Tort Section, Seattle, WA, for Defendant–Appellee.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Leonardo C. Mariano appeals pro se from the district court's summary judgment in favor of the King County Election Office ("KCEO") in his 42 U.S.C. § 1983 action alleging that KCEO discriminated against him on the basis of age and race when it did not hire him as a temporary elections worker. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of sum-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

mary judgment, *Lowe v. City of Monrovia,* 775 F.2d 998, 1003 (9th Cir.1985), and review for abuse of discretion its denial of additional discovery, *Qualls ex rel. Qualls v. Blue Cross of Calif., Inc.,* 22 F.3d 839, 844 (9th Cir.1994). We affirm.

The district court properly granted summary judgment because the evidence Mariano provided, which included *inter alia,* KCEO's response to Mariano's interrogatories, a letter explaining why Mariano was not hired, KCEO's answer to Mariano's complaint, and further interrogatories and requests for production, failed to establish a prima facie case of discrimination on the basis of age or race. *See Lowe,* 775 F.2d at 1005 (setting forth elements of a prima facie disparate treatment case in the context of racial discrimination); *Sakeller v. Lockheed Missiles and Space Co.,* 765 F.2d 1453, 1455 (9th Cir. 1985) (setting forth requirements of a prima facie disparate treatment case in the context of age discrimination).

The district court did not err by deeming Mariano's request for additional discovery withdrawn upon Mariano's filing of a cross motion for summary judgment in which he argued that no factual disputes remained, where he did not explain how additional discovery would have defeated summary judgment. *See* Fed.R.Civ.P. 56(f); *Qualls ex rel. Qualls,* 22 F.3d at 844 (affirming denial of request for additional discovery where appellant did not "show how allowing *additional* discovery would have precluded summary judgment.") (emphasis in original).

Mariano's remaining contentions are unpersuasive.

**AFFIRMED.**