**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL KIEFFER, | No. 19-15893 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00108-FRZ |
| v. | |
| TRACTOR SUPPLY COMPANY, a Delaware Corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted June 2, 2020[**]
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Michael Kieffer appeals the district court's grant of summary judgment to

his former employer, Tractor Supply Company ("TSC"), on his sex discrimination

claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kieffer sued TSC alleging that he was terminated because his manager wanted to replace him with a woman. The district court correctly granted TSC summary judgment because Kieffer failed to establish that he was subjected to disparate treatment on account of his sex.

"We review the district court's grant of summary judgment de novo." *Ridgeway v. Walmart, Inc.*, 946 F.3d 1066, 1077 (9th Cir. 2020) (citing *Vasquez v. Cty. of L.A.*, 349 F.3d 634, 639, *as amended* (Jan. 2, 2004)). We must "determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Mitchell v. Washington*, 818 F.3d 436, 442–43 (9th Cir. 2016) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc)).

To prevail in his Title VII case, Kieffer must first "establish a prima facie case of discrimination," *Vasquez*, 349 F.3d at 640, by introducing sufficient "evidence that 'give[s] rise to an inference of unlawful discrimination,'" *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 690 (9th Cir. 2017) (quoting *Sischo–Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1110 (9th Cir. 1991), *superseded on other grounds as recognized by Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1041 (9th Cir. 2005)). He can give rise to such an inference

2

either "through direct or circumstantial evidence of discriminatory intent," *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1150 (9th Cir. 1997) (quoting *Sischo-Nownejad*, 934 F.2d at 1111), or through the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). He fails to do so on either front.

1. Kieffer first points to a declaration by his co-worker, Victorya Smith, as "direct evidence" of discrimination. In her declaration, Smith claims overhearing Kieffer's former supervisor, Rob Hardy, confessing to another employee that he planned to replace Kieffer in his Store Manager role with Assistant Store Manager Susan Tefft because "Susan, being a woman, will do a lot of good for this store." Kieffer argues that this statement "*can only mean*" that gender motivated Kieffer's termination. But even if this purported conversation occurred as Smith recounts, it is not direct evidence of discrimination because it requires us to infer a discriminatory motive. *See Vasquez*, 349 F.3d at 640 ("Direct evidence is 'evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption.'" (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998))). In other words, that Hardy believed Tefft would do a lot of good to the store because she is a woman says nothing about whether he fired Kieffer because he is a man, unless we draw several inferences in Kieffer's favor.

3

2. Kieffer also alleges that Hardy schemed to replace him with Tefft because Hardy had a "romantic" and "friendly and physical relationship" with her. In other words, Kieffer argues that "Hardy favored his paramour, Susan Tefft." But Kieffer does not offer "direct evidence" that Tefft was Hardy's "paramour." The only evidence of a purported sexual or romantic relationship between Hardy and Tefft is, again, Kieffer's and Smith's self-serving declarations. *See generally Nigro v. Sears Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (holding that "a self-serving declaration does not always create a genuine issue of material fact for summary judgment: The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence"). Even if we take these declarations as true, as we must, at best they constitute circumstantial evidence that Tefft had a romantic interest in Hardy. They do not show that Tefft and Hardy had a romantic or sexual relationship that motivated Hardy to fire Kieffer to promote Tefft. Again, to find that these declarations constitute "direct evidence" of discrimination would require us to draw several inferences in Kieffer's favor. *Vasquez*, 349 F.3d at 640.

3. Having failed to adduce direct evidence to make out a prima facie case of discrimination, Kieffer must proceed under the *McDonnell Douglas* framework. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) ("[T]o show disparate treatment under Title VII [a plaintiff] . . . must show

4

that (1) []he belongs to a protected class; (2) []he was qualified for the position; (3) []he was subjected to an adverse employment action; and (4) similarly situated [wo]men were treated more favorably, or [his] position was filled by a [wo]man." (citing *McDonnell Douglas*, 411 U.S. at 802)).

Here, Kieffer fails to raise a triable issue of material fact as to the second and fourth factors of the *McDonnell Douglas* framework because the record unequivocally establishes that Kieffer failed to perform his duties satisfactorily. He consistently received negative ratings and failed to demonstrate any improvement, violated company policy by instructing his staff to bring issues directly to him rather than reporting them to Human Resources, and borrowed company property for personal use without permission. Similarly, Kieffer offers no evidence that female store managers with the same or similar poor ratings, who violated company policy and borrowed company property without permission, were not terminated. *See Vasquez*, 349 F.3d at 641 ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct."); *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983) (affirming district court where plaintiff did not show that he was treated less favorably than similarly situated employees because other employees had no disciplinary record and were thus not similarly situated). Accordingly, Kieffer also fails to make a prima facie case of sex-based discrimination under the *McDonnell Douglas* test.

**AFFIRMED.**