**Dean MOIDEEN; John Wright; Maribeth Kaye; Kathleen Snyder; Patricia Malczewski, as Trustees of United Healthcare Benefits, et al., Plaintiffs–Appellants,**

v.

**Roxani M. GILLESPIE, Commissioner of the California Department of Insurance, Defendant–Appellee.**

No. 93–55643.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1994.

Decided June 7, 1995.

---

Michael D. Singer, Manhattan Beach, CA, for plaintiffs-appellants.

Mark P. Richelson, Deputy Atty. Gen., Los Angeles, CA, for defendant-appellee.

Before: CANBY, LEAVY and T.G. NELSON, Circuit Judges.

CANBY, Circuit Judge:

## OVERVIEW

United Health Care Benefits Trust ("UHBT") provides health benefit plans to small businesses. The State of California is trying to regulate UHBT as an insurance company. Dean Moideen, a trustee of UHBT, and others filed this action against the California Insurance Commissioner, contending that the federal Employee Retirement Income Security Act (ERISA) preempts the California Insurance Code's application to UHBT, and that the Commissioner violated a variety of Moideen's constitutional rights.[1] The Commissioner and Moideen both moved for summary judgment. Moideen also moved to recuse the district judge. The district court granted the Commissioner's motions and denied Moideen's motions. Moideen appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I

### Facts

UHBT began offering and providing health benefits to small businesses in October 1988. The UHBT trust was formally created in 1987 between Bayfield Corp. as trustor, and

---

1. This opinion refers to the plaintiffs collectively as "Moideen."

Dean Moideen as trustee, and has been amended three times. Under the current provisions of the trust, the decision-making authority lies at least formally with the "Benefit Committee." The trust's participants, who are a group of heterogenous small business employers, annually elect the Benefit Committee.

Several entities owned by a single individual, one Tony Ullah, play important parts in the administration of the benefit plan. United Health Insurance Administrators administers the benefit plan and uses Small Business Insurance Services to market the plan to small businesses. In order to be eligible for benefits, employers must first join the United Association of Small Businesses ("UASB"), the "sponsoring" organization. United Health Insurance Administrators, Small Business Insurance Services, and the United Association of Small Businesses are all owned by Ullah.

Once employers join as participants, they pay specified contributions calculated to cover the plan's claims and administrative expenses. Although UHBT insures itself against the effects of catastrophic claims in excess of $50,000, it does not purchase insurance to cover participants' claims directly. It therefore is not a fully or partially insured plan, in the contemplation of ERISA. 29 U.S.C. § 1144(b)(6). Employers may be assessed for any shortfall in trust assets to meet claims or expenses.

Although UHBT complies with ERISA's reporting and structural requirements, the Commissioner contends that UHBT is not an ERISA plan. According to the Commissioner, Ullah created, runs, and controls UHBT as an entrepreneurial insurance company trying to pass as an ERISA plan. Accordingly, on March 20, 1990, the California Insurance Commissioner issued a Cease and Desist Order against UHBT, claiming that UHBT was selling insurance without a license. The Commissioner sought to require UHBT to obtain a certificate of authority and comply with California's insurance reserve requirements.

Moideen then filed this action seeking: (1) a declaration that ERISA preempts the application of California's Insurance Code to UHBT; (2) a permanent injunction to prevent California from regulating UHBT as an insurance company; and (3) unstated relief for due process and equal protection violations. The Commissioner and Moideen both moved for summary judgment on the question whether UHBT is an "employee welfare benefit plan" and a "multiple employee welfare arrangement," within the meaning of ERISA. The Commissioner also moved for summary judgment on Moideen's constitutional claims. In addition, after the judge indicated his views on self-funded benefit plans, Moideen moved for recusal of the judge. The latter motion was referred to a different judge, who denied it.

Moideen produced evidence that allegedly shows, *inter alia*, that UHBT was established by two employers, is run by a group of employers through the Benefit Committee, and complies with ERISA, including the reporting and structural requirements. The district court granted the Commissioner's motion in its entirety. On appeal, Moideen argues that the district court erred in granting the Commissioner's motion for summary judgment, and in denying the motion to recuse.

## II

### The ERISA Claim

#### A. Standard of Review

We review *de novo* the district court's grant of summary judgment to determine whether the evidence, when viewed in the light most favorable to Moideen, demonstrates that there is no genuine issue as to any material fact, and that the Commissioner is entitled to judgment as a matter of law. *Crane v. Conoco, Inc.,* 41 F.3d 547, 549 (9th Cir.1994).

#### B. Is the UHBT Plan an ERISA Plan?

Moideen contends that the UHBT plan is an ERISA plan because it was established and is maintained by the employers who participate in the plan. The Commissioner contends that UHBT is not an ERISA employee welfare benefit plan and instead is an unauthorized insurer offering and market-

ing health benefits in the State of California. Moideen is correct that if UHBT is an ERISA plan, UHBT cannot be deemed to be an insurance company; California's regulations will be preempted. 29 U.S.C. § 1144(b)(2)(B); *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 407–08, 112 L.Ed.2d 356 (1990). On the other hand, if UHBT is not an ERISA plan, nothing in ERISA prevents it from being subject to the entire California Insurance Code.

An ERISA "employee welfare benefit plan" is:

(1) a plan, fund or program

(2) established or maintained

(3) by an employer or by an employee organization, or by both,

(4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits

(5) to the participants or their beneficiaries.

*Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489, 492 (9th Cir.1988) (internal quotations omitted), *cert. denied,* 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989). *See also* 29 U.S.C. § 1002(1). An "employer" is "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes *a group or association of employers acting for an employer in such capacity.*" 29 U.S.C. § 1002(5) (emphasis added).

Of course, any number of insurance-type arrangements involving employers as participants might claim exemption from state insurance requirements if this language were very broadly interpreted. To avoid that result, and confine ERISA preemption to the types of employer-employee benefit plans thought to be in the contemplation of Congress in enacting ERISA, the Department of Labor has interpreted section 1002(5) to en-

compass a requirement of bona fide "organizational relationship" among the members other than a mere association for the purpose of qualifying for benefits. *See* Dep't of Labor Op. 79–41A (June 29, 1979); *see also* Dep't of Labor Op. 94–07A (March 14, 1994). We accepted the Department's interpretation in *Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.,* 809 F.2d 617, 625 (9th Cir.1987). There we held that a trust was not an ERISA plan because it recruited "heterogeneous, unrelated employers." *Id.*

The district court, relying on our decision in *Credit Managers,* held that UHBT "is not an 'employer' within the meaning of ERISA because its members lack a sufficient pre-existing 'organizational relationship' between them," and that "mere membership in [United Association of Small Business] is insufficient to establish the requisite organizational relationship." We agree. UASB membership is open to any business with 500 employees or less, in any industry. The only organizational relationship among the employers, other than UHBT itself, is the sponsoring organization UASB. By joining UASB, however, the employers do not become a bona fide group, as the UHBT members "lack the commonality of interest that forms the basis for sponsorship of an employee welfare benefit plan." Dep't of Labor Op. No. 94–07A (March 14, 1994) (concluding that a plan similar to UHBT is not an employee welfare benefit plan).

Moideen points out that whether a plan is an ERISA plan "is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person," *Kanne,* 867 F.2d at 492. Moideen argues that the ultimate question for determination is whether the plan is operated in the interest of the member employers or whether it is operated in the interest of entrepreneurs, and that it has raised a genuine issue of fact on this issue. Whatever appeal Moideen's argument may have had, *Credit Managers* forecloses it.[2] There is no

---

2. *Credit Managers* is not Moideen's only problem. The Commissioner, who was supported by the Department of Labor on that issue in the district court, argues that, even if UHBT is an ERISA benefit plan, it is also a "multiple employer welfare arrangement" (MEWA). A MEWA is any benefit plan "which is established or maintained for the purpose of offering or providing [welfare benefits] to the employees of two or more employers...." 29 U.S.C. § 1002(1). A MEWA

dispute over the fact that the employers in this case had no pre-existing organizational relationship. Moideen's assertions to the contrary notwithstanding, the characteristic of being an employer of 500 persons or less, in any line of work, cannot serve as an organizing principle. To exclude almost none is to include almost all. Under *Credit Managers,* then, the undisputed facts preclude UHBT from qualifying as an ERISA employee welfare benefit plan. The district court therefore did not err in concluding that UHBT is not an ERISA plan as a matter of law.

## III

### The Motion for Recusal

■ Moideen also contends that the district court should have granted the motion to recuse the district judge. Moideen complains that the judge told the parties, *inter alia:*

(1) that his brother purchased a company with a self-funded health benefit plan without knowing the possible economic consequences posed by large claims and that the company was close to being bankrupted by large benefit claims;

(2) that self-funding by a group of small business employers is "nonsense" funding; and

(3) that risk sharing by employers who are subject to assessments for a proportionate share of additional sums necessary to make up for any shortfall in trust assets to pay claims constitutes a "worst case" funding scenario.

Moideen asked the judge to recuse himself, but the judge refused and referred Moideen's motion to another judge for a ruling. The other judge denied Moideen's motion.

■ We review the district court's ruling for an abuse of discretion. *Sewer Alert Committee v. Pierce County,* 791 F.2d 796, 798 (9th Cir.1986). "[R]ecusal is appropriate where a reasonable person with knowledge of

all the facts would conclude that judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.,* 987 F.2d 622, 626 (9th Cir.1993) (citing 28 U.S.C.A. §§ 144, 455) (internal quotes omitted).

Although the judge's statements did indicate that he was concerned about unfunded benefit plans, these statements do not rise to a level requiring recusal. Judges cannot be expected to remain blind to events around them, and the statements of the judge simply let the parties know his concerns. *Cf. Hoptowit v. Ray,* 682 F.2d 1237, 1261–62 (9th Cir.1982). The district court did not abuse its discretion in denying the motion to recuse.

## IV

### The Constitutional Claims

Moideen also pursues claims under 42 U.S.C. § 1983, contending that the Commissioner violated UHBT's due process and equal protection rights in any number of ways. Perhaps most prominent of Moideen's contentions are that the Commissioner: (1) wrongly conducted hearings pursuant to California's Insurance Code section 1065.1, as opposed to section 700; (2) deprived UHBT of property without due process; and (3) gave UHBT inadequate notice that it was subject to regulation.

Like all of the rest of Moideen's constitutional arguments that we do not address, these contentions are frivolous. The statutes and regulations themselves gave UHBT sufficient notice that it was subject to regulation. *See generally United States v. Vasarajs,* 908 F.2d 443, 448 (9th Cir.1990). The hearing under section 1065.1 violated no federal law; the Commissioner was entitled to proceed because she can require UHBT to obtain a certificate of authority. *See* Cal.Ins. Code § 1010. Finally, we have been given no reason to think that the hearings themselves were not constitutionally adequate, and no authority for the proposition that

---

that is not fully insured does not receive the benefit of ERISA's broad preemption provision; it is subject to any state law regulating insurance that is not inconsistent with ERISA. 29 U.S.C. § 1144(b)(6)(A). Because we have held that

UHBT is not an ERISA employee benefit plan, and is thus not entitled to ERISA preemption in any event, we need not address the question of its status as a MEWA.

UHBT has a constitutional right not to be regulated by the California Insurance Commissioner.

Moideen's vague equal protection argument is similarly baseless. Moideen is not part of any suspect class and regulating insurance companies is rationally related to a legitimate state interest. *See McMillan v. Goleta Water Dist.*, 792 F.2d 1453, 1456 (9th Cir.1986), *cert. denied* 480 U.S. 906, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987). With all of the facts viewed in the light most favorable to Moideen, the Commissioner was entitled to judgment as a matter of law on Moideen's constitutional claims.

## CONCLUSION

UHBT is not an employee welfare benefit plan and thus ERISA does not preempt any of California's insurance regulations as they apply to UHBT. Finally, the district court did not err in granting summary judgment in favor of the Commissioner on Moideen's constitutional claims, nor did the district court abuse its discretion in denying Moideen's recusal motion.

AFFIRMED.