FEMINIST WOMEN'S HEALTH CENTER, Plaintiff–Appellee,

and

Beverly Whipple; Diane Hale; Kimberly Boy; Deborah Barton, Plaintiffs,

v.

Sharon CODISPOTI, Defendant–Appellant,

and

Dottie Roberts; Curtis Beseda; Carl Codispoti, et al., Defendants.

FEMINIST WOMEN'S HEALTH CENTER; Beverly Whipple; Diane Hale; Kimberly Boy; Deborah Barton, Plaintiffs–Appellees,

v.

Sharon CODISPOTI; Curtis Beseda; Carl Codispoti, Defendants,

and

Dottie Roberts, Defendant–Appellant.

FEMINIST WOMEN'S HEALTH CENTER; Beverly Whipple; Diane Hale; Kimberly Boy; Deborah Barton, Plaintiffs–Appellees,

v.

Dottie ROBERTS; Curtis Beseda; Carl Codispoti, et al., Defendants,

and

Sharon Codispoti, Defendant–Appellant,

and

Ronald T. Schaps; Ronald E. McKinstry; Brian Zeringer, attorneys for defendant Sharon Codispoti, Appellants.

Nos. 90–35266, 90–35298 and 91–35006.

United States Court of Appeals, Ninth Circuit.

Nov. 7, 1995.

---

## ORDER

NOONAN, Circuit Judge.

■ The Constitution of the United States, Article VI, provides: "no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." The plaintiffs in this petition for rehearing renew their motion that I recuse myself because my "fervently-held religious beliefs would compromise [my] ability to apply the law." This contention stands in conflict with the principle embedded in Article VI.

It is a matter of public knowledge that the Catholic Church, of which I am a member, holds that the deliberate termination of a normal pregnancy is a sin, that is, an offense against God and against neighbor. Orthodox Judaism also holds that in most instances abortion is a grave offense against God. The Church of Jesus Christ of Latter–Day Saints proscribes abortion as normally sinful. These are only three of many religious bodies whose teaching on the usual incompatibility of abortion with the requirements of religious morality would imply that the plaintiffs' business is disfavored by their adherents. *See* Theresa V. Gorski, *Kendrick and Beyond: Re-establishing Establishment Clause Limits on Government Aid to Religious Social Welfare Organizations,* 23 Colum.J.L. & Soc.Probs. 171 (1990). If religious beliefs are the criterion of judicial capacity in abortion-related cases, many persons with religious convictions must be disqualified from hearing them. In particular, I should have disqualified myself from hearing or writing *Johnston v. Koppes,* 850 F.2d 594 (9th Cir.1988), upholding the constitutional rights of an advocate of abortion.

■ True, the plaintiffs qualify my beliefs as "fervently-held" as if to distinguish my beliefs from those that might be lukewarmly maintained. A moment's consideration shows that the distinction is not workable. The question is whether incapacitating prejudice flows from religious belief. The question is to be judged objectively as a reasonable person with knowledge of all the facts would judge. *Moideen v. Gillespie,* 55 F.3d 1478, 1482 (9th Cir.1995). As long as a person holds the creed of one of the religious bodies condemning abortion as sinful he must be accounted unfit to judge a case involving abortion; the application of an objective, reasonable-person standard leads inexorably to this conclusion if the plaintiffs' contention is supportable. No thermometer exists for measuring the heatedness of a religious belief objectively. Either religious belief disqualifies or it does not. Under Article VI it does not.

The plaintiffs may object that the disqualification applies only to cases involving abortion; they are not disqualifying Catholics, Jews, Mormons and others from all judicial office. This distinction, too, is unworkable. The plaintiffs are contending that judges of these denominations cannot function in a broad class of cases that have arisen fre-

quently in the last quarter of a century. The plaintiffs seek to qualify the office of federal judge with a proviso: no judge with religious beliefs condemning abortion may function in abortion cases. The sphere of action of these judges is limited and reduced. The proviso effectively imposes a religious test on the federal judiciary.

The plaintiffs' motion of recusal is denied.