78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John GABOR and Kay Gabor, Plaintiffs-Appellants,
v.
Michael S. FRAZER; Santa Clara Valley Humane Society;
State Board of Equalization; Steve Gibbons; American
Kennel Club, Inc., aka AKC; Franchise Tax Board; Fred
Berkey; John Cornelius; Cynthia K. Wright; Paul R.
Firling, AKC; Maxine Patton; Andrea San Phillipo; Rita
Perko; Rick Lamps, Defendants-Appellees.
 No. 94-17133.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1996.*
Decided March 7, 1996.
 
 Before: REINHARDT, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John and Kay Gabor (Gabors) appeal the district court's dismissal of their complaint with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 FACTS
 
 3
 The present dispute arises out of the Gabors' sale of puppies from their home. On July 31, 1990, Michael S. Frazer, an employee of the Santa Clara Valley Humane Society (Humane Society), executed a search warrant at the Gabors' home. In his affidavit in support of the warrant, Frazer averred the Gabors were selling puppies by falsely representing the breed, health, and color of the puppies; were operating a pet shop without the appropriate permits and licenses; were providing forged American Kennel Club (AKC) documents to buyers to increase the price of the puppies; and had failed to pay sales taxes to the State Board of Equalization. During the execution of the search warrant, Frazer seized supplies, equipment, personal notes, and AKC documents.
 
 
 4
 The Gabors contend that, as a result of Frazer's execution of the warrant, Mike Reilly, an investigator for the AKC, visited the Gabors' home to inspect their records. The Gabors contend they could not comply with the AKC's request for documents because Frazer had seized all relevant documentation. On September 15, 1992, the AKC suspended the Gabors' membership privileges in AKC for seven years and fined them $500.
 
 
 5
 On August 26, 1991, police officers arrested the Gabors at their home. The Gabors were charged with three felonies and six misdemeanors, alleging violations of the state tax code and the filing of false returns relating to the sale of the puppies. On October 8, 1991, the Gabors pleaded nolo contendere to a single misdemeanor count of failing to file a sales tax return for tax year 1986.
 
 
 6
 On September 14, 1994, the Gabors filed their complaint in this action against Frazer, the Humane Society, the Franchise Tax Board, the Board of Equalization, the AKC, and numerous individuals. The Gabors allege claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. The district court dismissed the complaint with prejudice after determining the statute of limitations barred the Gabors' claims. This appeal followed.
 
 DISCUSSION
 A. Recusal Motion
 
 7
 The Gabors first contend the district court erred by denying their recusal motion. We review the court's denial of the recusal motion for an abuse of discretion. Moideen v. Gillespie, 55 F.3d 1478, 1482 (9th Cir.1995). Recusal is not required unless "a reasonable person with knowledge of all the facts would conclude that [the] judge's impartiality might reasonably be questioned." Id.
 
 
 8
 The Gabors contend the district court judge previously was a state court judge and, thus, they speculate, some of the defendants employed by governmental agencies may have appeared before the judge. This allegation would not lead a reasonable person to believe the judge had an interest in the litigation or would favor the defendants. The district court did not err by denying the recusal motion.[2]
 
 B. Statute of Limitations
 
 9
 We review de novo the district court's dismissal of the Gabors' complaint on statute of limitations grounds. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993). The Gabors' allegations are taken as true and viewed in the light most favorable to them. Parks School of Business v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). A dismissal with prejudice is inappropriate unless it appears beyond doubt that the Gabors could not allege facts which would entitle them to relief. Id.
 
 
 10
 The applicable limitations period for the Gabors' claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 is one year. McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir.1991); 42 U.S.C. § 1986; Donoghue v. County of Orange, 848 F.2d 926, 929-30 (9th Cir.1987). The Gabors' allegations focus on the search of their home, the seizure of documents and equipment, alleged misrepresentations made in the media and by certain defendants following the search of their home, the AKC's suspension of their membership privileges and imposition of a fine, and their subsequent arrest and convictions for tax violations. All these events took place in 1990, 1991, and 1992. The Gabors, however, did not file their complaint until September 1994. Therefore, the Gabors did not file their complaint within one year from the accrual of the action.
 
 
 11
 The only dates cited in the Gabors' complaint that are within the limitations period relate to an apparent pending audit of the Gabors by the Franchise Tax Board. The Gabors contend they are continuing to suffer harm from the search of their home because Frazer has not returned the seized documents and, consequently, they are unable to settle all the disputes pending against them. This allegation does not save the Gabors' complaint. The Gabors' claim accrued on the date Frazer seized the documents. See Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981) (defining when action accrues). The Gabors cannot avoid the limitations bar by alleging they continue to suffer injury from wrongful acts which occurred outside the limitations period. McDougal, 942 F.2d at 674-75.
 
 
 12
 The Gabors also have waived any claim that the four-year limitations period, under RICO's civil enforcement provision, applies to their action. Before the district court, the Gabors consistently asserted their claims arose under the Constitution and 42 U.S.C. §§ 1983-1988. The first time the Gabors imply the RICO statute of limitations governs their claims is in their appellate reply brief. The Gabors, therefore, have waived the issue on appeal. Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992); Sanchez v. City of Santa Ana, 915 F.2d 424, 430 (9th Cir.1990), cert. denied, 502 U.S. 815 (1991).
 
 C. Remaining Issue
 
 13
 The district court held the Gabors could not pursue a private right of action under the Animal Enterprise Protection Act, 18 U.S.C. § 43, and declined to exercise supplemental jurisdiction over their remaining state law claims. The Gabors do not contest these determinations on appeal. Consequently, they have waived any challenge to them. Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992), cert. denied, 507 U.S. 1004 (1993).
 
 CONCLUSION
 
 14
 We conclude the district court did not err by dismissing the Gabors' complaint with prejudice. In view of the bar of the applicable statute of limitations, and taking the allegations of the Gabors' complaint as true, it is clear beyond any doubt that the Gabors cannot allege facts which would entitle them to relief. See Parks School of Business, 51 F.3d at 1484.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In this memorandum, we address the district court's dismissal of the Gabors' complaint. In a separate published order, we address the appellees' requests for attorney's fees and costs
 
 
 [2]
 On appeal, the Gabors also imply all district court judges have a conflict of interest. Because the Gabors did not raise this argument before the district court, we decline to address it. Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir.1990)