81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald WILLIAMS, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Daryl F. Gates, Chief of Police, as
Chief of Police and Individually; Robert
McNamara, Individually; Connie L.
Castruita, Individually,
Defendants-Appellees.
 No. 94-56250.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1996.
Decided March 25, 1996.
 
 Before: BEEZER, BRUNETTI, and JOHN T. NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court granted summary judgment for defendants on Ronald Williams' claims that he was denied his constitutional right to continued permanent public employment for racially discriminatory reasons in violation of 42 U.S.C. §§ 1983, 1985 and 2000e (Title VII). We agree with the district court that Williams voluntarily retired from the Los Angeles Police Department (the "Department") and affirm the grant of summary judgment in favor of the City of Los Angeles, former Police Chief Daryl Gates, and Robert F. McNamara and Connie Castruita, Department internal affairs investigators.
 
 FACTS
 
 3
 In August 1987 Williams had served twenty years with the Los Angeles Police Department and held the rank of Lieutenant II. Following a hearing by the Department Board of Rights (the "Board") Williams was found guilty of three charges stemming from alleged sexual misconduct: failing to respond accurately to questions about the allegations, specifically denying having exposed two minors to an explicit film, and failing to return two films to the store where he had rented them. Williams could not be disciplined for the alleged misconduct itself because it occurred over a year before the Department commenced disciplinary proceedings. On October 19, 1987 Gates removed Williams from service effective August 5, 1987. Williams then took the following steps:
 
 
 4
 November 5, 1987: Williams voluntarily retired by applying to the City pension board for service retirement effective August 1, 1987.
 
 
 5
 November 16, 1987: Williams filed suit in the California courts seeking to overturn his removal.
 
 
 6
 December 10, 1987: the pension board granted Williams' retirement effective August 1, 1987; his monthly pension payments soon began.
 
 
 7
 Proceedings in the Los Angeles Superior Court first yielded an order to the Board to set a new penalty because the Board had improperly considered the sexual misconduct allegations in recommending removal. In response the Board again recommended termination but specified that Williams' guilt on the three charges was the only basis for the penalty. Once more Williams petitioned the Los Angeles Superior Court which ordered the Board to reinstate Williams and to impose a penalty less than termination. The Board then recommended a 30-day suspension in which Gates concurred. However when Williams sought reinstatement the City argued that the City Charter prohibited reinstatement of anyone who, like Williams, retired voluntarily at the rank of lieutenant or above.
 
 
 8
 Williams returned to the state courts where the Superior Court ordered his reinstatement but the Court of Appeal reversed, finding that (1) the City Charter prevented Williams' return to duty since he elected to retire rather than withdraw his pension contributions, (2) Williams erred unilaterally in his belief that retirement did not harm his chances for later reinstatement, and (3) the City did not induce him to retire voluntarily. See Williams v. City of Los Angeles, 229 Cal.App.3d 1627, 281 Cal.Rptr. 21, pet. for rev. denied (1991).
 
 
 9
 In March 1990 Williams initiated this federal suit alleging racial discrimination. The district court stayed the action until the state court proceedings were concluded, on May 10, 1991. In August 1992 the district court dismissed the § 1985 claim. Pretrial preparations proceeded on the remaining claims. Summary judgment was granted in July 1994.
 
 STANDARDS OF REVIEW
 
 10
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3271 (Sept. 20, 1995) (No. 95-481). Denial of a recusal motion is reviewed for abuse of discretion. Moideen v. Gillespie, 55 F.3d 1478, 1482 (9th Cir.1995).
 
 DISCUSSION
 Summary Judgment
 
 11
 Williams contends that the district court erred in granting summary judgment on grounds other than those raised by the parties in their summary judgment pleadings. Williams cites no cases to support this contention. The record reveals that Williams had a full and fair opportunity to discuss the issues behind the district court's grant of summary judgment. Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1131, n. 1 (9th Cir.1995), cert. denied, 64 U.S.L.W. 3587, 3591 (March 4, 1996) (No. 95-1054); United States v. Grayson, 879 F.2d 620, 625 (9th Cir.1989). These issues included whether Williams was barred from maintaining a wrongful termination action by his voluntary retirement and whether the City's liability was precluded because its actions, even if racially motivated, did not result in any harm to Williams.
 
 
 12
 In its Statement of Uncontroverted Facts and Conclusions of Law submitted on the summary judgment motion the City presented arguments that Williams' voluntary retirement precluded a wrongful termination action. The City's Statement also noted that retirement was Williams' voluntary decision and stated specifically that these facts "preclude the maintenance of any of Williams' theories of relief in the present action." These pleadings and others filed with the court gave Williams adequate notice that these issues would be discussed in connection with summary judgment.
 
 
 13
 At the summary judgment hearing Williams' counsel discussed at length the harm he felt Williams had suffered and whether racial animus existed. The court limited its discussion at that hearing to matters relevant to the one issue preserved for trial in the pretrial conference order--whether racial animus existed in the City's actions--and to matters raised in the City's proposed Statement of Uncontroverted Facts. The district court order reiterated that there was no evidence of racial animus and that there was no legal harm to plaintiff. The record shows that Williams had ample opportunity to address all issues which the district court considered in granting summary judgment.
 
 
 14
 Summary judgment was proper because Williams failed to articulate any genuine issue of material fact as to his allegations that the defendants acted with racial animus and violated 42 U.S.C. § 1983 and 42 U.S.C. §§ 2000e et seq. ("Title VII"). The district court properly concluded that the decision of the California Court of Appeal in Williams v. City of Los Angeles, supra, precluded maintenance of relief under any of Williams' theories of racial discrimination. That opinion established that Williams retired voluntarily, not at the inducement of any City official. These established facts precluded the existence of any issues of material fact for Williams' § 1983 claim.
 
 
 15
 To prevail on summary judgment of the Title VII claim Williams had to establish a prima facie case of discrimination. Washington v. Garrett, 10 F.3d 1421, 1432 (9th Cir.1993). The district court properly concluded that the uncontroverted facts showed no evidence of racial animus. The court also correctly concluded that Williams failed to meet his summary judgment burden of coming forward with a prima facie case that defendants' actions were motivated by intentional racial discrimination.
 
 Recusal
 
 16
 Williams argues that his own action in sending three disrespectful letters to Judge Tashima should have resulted in the Judge's recusal. Williams contends that the letters, which allegedly described the Judge in terms such as "repressive," "racist," and "not fit to sit on a bench" prejudiced the Judge against Williams.
 
 28 U.S.C. § 455 provides that
 
 17
 (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party ...
 
 
 18
 Recusal under § 455 "is appropriate where a reasonable person with knowledge of all the facts would conclude that [the] judge's impartiality might reasonably be questioned." Moideen v. Gillespie, 55 F.3d 1478, 1482 (9th Cir.1995). This standard for judging the appearance of partiality is an objective one. Preston v. U.S., 923 F.2d 731 (9th Cir.1991). "It has long been established, however, that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge." Standing Committee on Discipline of the U.S. District Court v. Yagman, 55 F.3d 1430, 1443 (9th Cir.1995). While Yagman did not involve § 455, the court cited to United States v. Studley, 783 F.2d 934, 939-40 (9th Cir.1986) which held that the "intemperate and scurrilous attacks" contained in the defendant's post-conviction motion for recusal of the judge who had convicted her could not compel disqualification under § 455. Williams has made no showing that Judge Tashima held any deep-seated antagonism toward Williams or that his impartiality might reasonably be questioned. The district court correctly decided not to recuse Judge Tashima.
 
 Procedural Claims and Motion to Dismiss
 
 19
 Williams' two procedural claims that the district court (a) abused its discretion in denying Williams' unopposed motion to amend his complaint and (b) erred in allowing the City to file an untimely motion for summary judgment are without merit.
 
 
 20
 Also without merit is Williams' claim that the district court erred in granting the City's motion to dismiss because the motion was filed while the City was in default for failing to answer the complaint. Fed.R.Civ.P. 55(c) provides that the district court for "good cause shown may set aside an entry of default." The rule gives no indication that entry of default precludes a court from hearing other motions before deciding the default motion. Because the court had the authority to set aside an entry of default and in fact did so, there was no prejudice to Williams in hearing other motions. Furthermore, the district court properly dismissed Williams' claim under 42 U.S.C. § 1985 in reliance on Great America Federal Saving and Loan v. Novotny, 442 U.S. 366, 372-76, 99 S.Ct. 2345, 60 L.Ed.2d 957, 964 (1979). Novotny prevents Williams from stating a separate claim under § 1985 when he had a remedy under Title VII.
 
 
 21
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3