86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leland S. DAMNER; Joel N. Damner, Plaintiffs-Appellants,
v.
STATE OF CALIFORNIA; U.S. Bankruptcy, Trustee; Rudolph
Kraft, Defendants,
and
Jerome Robertson, Trustee, Defendant-Appellee.
 No. 95-16196.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leland and Joel Damner appeal pro se the district court's order denying their request for recusal and granting summary judgment in favor of Jerome E. Robertson, in the Damners' action alleging civil rights and RICO violations by Robertson in his capacity as trustee in several bankruptcy proceedings. We review for abuse of discretion the district court's denial of a recusal motion, Moideen v. Gillespie, 55 F.3d 1478, 1482 (9th Cir.1995), and de novo its grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The Damners contend that the district court erred by not granting their recusal motion. This contention lacks merit.
 
 
 4
 Recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that a judge's impartiality might reasonably be questioned." Sakellar v. Lockheed Missiles and Space Co., 765 F.2d 1453, 1457 (9th Cir.1985), cert. denied, 474 U.S. 1084 (1986). Here, the Damners sought recusal of the district judge because he issued rulings against them. "Adverse rulings alone are not sufficient to require recusal, even if the number of such rulings is extraordinarily high." McCalden v. California Library Ass'n, 955 F.2d 1214, 1224 (9th Cir.1990), cert. denied, 504 U.S. 957 (1992). Accordingly, the district court did not abuse its discretion by denying the Damners' recusal motion. See Moideen, 55 F.3d at 1482.
 
 
 5
 The Damners also contend that the district court erred by granting summary judgment for Robertson. This contention lacks merit.
 
 
 6
 The Damners failed to oppose Robertson's summary judgment motion. Because Robertson's moving papers in support of summary judgment were sufficient to show that no issues of material fact exist, the district court did not err by granting summary judgment for Robertson. See Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir.1993).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3