131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerardo RODRIGUEZ, Plaintiff-Appellant,
v.
COOK, Director; Thompson; Humphreys; Robbins; Gamble;
Copeland; Cilley; Peryee, Defendants-Appellees.
 No. 96-36105.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1997.**
Decided Nov. 14, 1997. ap1 Appeal from the United States District Court for the District of Oregon, No. CV-96-01188-OMP; Owen M. Panner, District Judge, Presiding.
 
 Before: CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerardo Rodriguez appeals the district court order dismissing his 42 U.S.C. § 1983 action and denying his motion for recusal of Judge Panner. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 A. Dismissal of the § 1983 claim
 
 3
 Rodriguez had at least six prior actions dismissed as frivolous. In the present proceeding, he does not allege that he is under imminent danger of serious physical injury. Therefore, the district court properly denied him in forma pauperis status. See 28 U.S.C. § 1915(g) (prisoners bringing civil actions are denied in forma pauperis status if they have previously brought, while incarcerated, three prior claims which have been dismissed as frivolous, malicious, or for failure to state a claim, and they are not in imminent danger of serious physical injury); Tierney v. Kupers, (Nos.97-35200, 97-35201) --- F.3d ---- (9th Cir.1997) (holding section 1915(g) applies to claims dismissed both before and after its effective date).
 
 
 4
 Parties filing actions in United States district court are required to pay filing fees. 28 U.S.C. § 1914. An action may proceed without the payment of filing fees only upon granting of in forma pauperis status. 28 U.S.C. § 1915. Rodriguez did not pay the filing fee and was not eligible for in forma pauperis status. His claim was properly dismissed.
 
 
 5
 B. Dismissal of Motion to Recuse Judge Panner
 
 
 6
 Aside from bare allegations of bias arising from Rodriguez's status as a prisoner, or related to his "race, creed, religion, or etc.," there is nothing in the record which demonstrates that the district court's impartiality might reasonably be questioned. Thus, the district court did not abuse its discretion when it denied Rodriguez's motion for recusal. See Moideen v. Gillespie, 55 F.3d 1478, 1482 (9th Cir.1995) (stating that recusal is appropriate where a reasonable person with all of the facts would conclude that the judge's impartiality might reasonably be questioned); Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988) (holding that recusal is not required when an alleged bias results from conduct or rulings made during the course of the proceeding).
 
 CONCLUSION
 
 7
 Because Rodriguez did not pay the filing fee and was ineligible for in forma pauperis status, the district court appropriately dismissed his claim. Because a reasonable person with all of the facts would not conclude that Judge Panner's impartiality might have been questioned, Rodriguez's motion for recusal of Judge Panner was appropriately dismissed.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3