133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Testhome ABATE, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director; J.C. Keeney, Terry Stewart,
Assistant Director of ADOC; Thomas E. McDonald, Legal
Analyst; Grant Woods, Attorney General; Thomas J. Dennis,
Assistant Attorney General; R. Elizabeth Teply, Assistant
Attorney General; James P. McFadden, Deputy Warden; Blaine
Marshall, Assistant Deputy Warden; V. Ruboyianes,
Administrator Assistant III; CSO Lemons, II, Guard;
Melissa Ann Sherman, CSO, Guard; CSO Perea, Guard,
Defendants-Appellees,
 No. 96-15939.
 United States Court of Appeals, Ninth Circuit.
 Dec. 17, 1997.**
 
 MEMORANDUM*
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 Teshome Abate, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging deprivation of property without due process and interference with his right of access to the courts. Abate also appeals the district court's denial of his recusal motion. We review de novo the district court's dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and for abuse of discretion the district court's denial of a recusal motion, see Moideen v. Gillespie, 55 F.3d 1478, 1482 (9th Cir.1995). We affirm in part, vacate in part, and remand.
 
 
 2
 Because Abate's recusal motion was based solely on Judge McNamee's judicial rulings in prior cases, we conclude that the district court did not abuse its discretion in denying this motion. See Liteky v. United States, 510 U.S. 540, 551, 555 (1994); Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988).
 
 
 3
 Because Abate has an adequate post-deprivation remedy in state law, see A.R.S. §§ 12-820 to 12-823; Howland v. State, 818 P.2d 1169, 1172-73 (Ariz.Ct.App.1991), we conclude the district court did not err by dismissing his claim of deprivation of property without due process of law without leave to amend. See Barnett, 31 F.3d at 816-17.
 
 
 4
 Finally, Abate contends the district court erred by dismissing his claim of interference with his right of access to the courts. To state a claim that his access rights have been violated, Abate must allege an "actual injury," i.e., that he had a non-frivolous claim with respect to the appeal of his criminal conviction, a habeas corpus petition, or the conditions of his confinement which he was either unable to file with the court or which was dismissed because of inadequacies in legal materials or legal assistance. See Lewis v. Casey, 116 S.Ct. 2174, 2178-82 (1996). Neither Abate's complaintnor the voluminous exhibits he attached to his motions indicate that he suffered an actual injury.
 
 
 5
 Prior to dismissing a claim for failure to state a claim, however, the district, court must provide a pro se litigant with notice concerning the complaint's deficiencies and an opportunity to amend the complaint unless it is clear that the deficiencies cannot be cured by amendment. See Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987). The district court did not provide Abate with notice and leave to amend and it is not clear that Abate could not cure his complaint's deficiencies through amendment. Accordingly, the district court erred by dismissing Abate's claim of interference with his right of access to the courts without leave to amend. See Noll, 809 F.2d at 1448-49.[1]
 
 
 6
 Each party shall bear its own costs on appeal.
 
 
 7
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Abate's request to appear and argue the case is denied. We also deny Abate's motion for sanctions
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 For the same reasons, we vacate the district court's dismissal of Abate's claim that defendants conspired to interfere with his right of access to the courts. Because Abate's claim for injunctive relief rested on the merits of his access to the courts claim, we vacate the district court's denial of Abate's claim for injunctive relief and remand that claim as well