134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginald P. BURGESS, Plaintiff-Appellant,
v.
SELECTION SYSTEMS, INC., a Washington Corporation, dba The
Select Group; Washington Mutual Savings Bank, a
Washington Corporation, Defendant-Appellees.
 No. 97-35405.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1997.**
Decided Jan. 16, 1998.
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reginald P. Burgess appeals pro se the district court's dismissal of his race and age discrimination action pursuant to 42 U.S.C. §§ 1981 and 2000e, and 29 U.S.C. § 621-634 against Washington Mutual Savings Bank ("Washington") and Selection Systems. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's denial of Burgess's motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). See 3550 Stevens Creek Ass'n v. Barclays Bank of Cal., 915 F.2d 1355, 1357 (9th Cir.1990). We may affirm the district court's decision on any ground supported by the record. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). Burgess's motion was more properly an application for default judgment under Fed.R.Civ.P. 55(b)(2). Because default judgments are generally disfavored and Burgess was not prejudiced by the minor delay, the district court did not abuse its discretion by denying Burgess's motion. See Eitel, 782 F.2d at 1471-72.
 
 
 4
 The district court did not err by enforcing the settlement agreement with Washington because Burgess did not establish any basis for setting aside the agreement. See Jeff D. v. Andrus, 899 F.2d 753, 763 (9th Cir.1990) (settlement agreement cannot be revoked save for fraud, duress, unconscionability, or other contract defenses). Because Burgess's proposed amendments to his complaint were barred by the settlement agreement, the district court did not abuse its discretion by denying his motion to amend as futile. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1392-93 (9th Cir.1997).
 
 
 5
 The district court did not abuse its discretion by denying Burgess's recusal motion, because Burgess presented no basis for questioning the judge's impartiality. See Moideen v. Gillespie, 55 F.3d 1478, 1482 (9th Cir.1995).
 
 
 6
 Our independent review of the record shows that Burgess unreasonably delayed the case, and that he failed to comply with the district court's January 15, 1997 order which directed him to cooperate in discovery and gave him notice that his case would be dismissed if he did not file a joint status report. Accordingly, the district court did not abuse its discretion by dismissing Burgess's case for failure to prosecute. See Fed.R.Civ.P. 41(b); Henderson v. Duncan, 779 F.2d 1421, 1423-25 (9th Cir.1986). We have considered Burgess's remaining contentions and find that they are without merit.[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, Washington's joinder in Selection System's brief and Burgess's objection to joinder are denied as moot