134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN STATES INSURANCE COMPANY, Plaintiff-Appellee,
v.
CRAWLEY CONSTRUCTION, INC., Defendant,
and
Marcus CRAWLEY, Defendant-Appellant.
 No. 96-16566.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted, October 10, 1997.
Decided January 26, 1998.
 
 Before: SCHROEDER, BEEZER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marcus Crawley appeals pro se the district court's order amending judgment to add Crawley as a judgment debtor. Crawley also appeals the district court's failure to rule on his request for judicial notice, and the denial of his motions to suppress excerpts from his own deposition, strike the declaration of American States' attorney Kathleen Hegen and disqualify the magistrate judge. Crawley also alleges bias on the part of the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * In 1990, American States Insurance Co. ("American States") filed suit to recover costs for defending its insured, Crawley Construction Inc. ("CCI"), in litigation against the E.H. Morrill Company ("Morrill"). In 1991, the district court awarded American States a judgment against CCI in the amount of $90,032.41 plus costs. In 1993, we affirmed the judgment of the district court.
 
 
 4
 The judgment listed CCI as the only judgment debtor because American States failed to include Crawley, CCI's president, individually as a defendant in its Amended Complaint. After taking Crawley's deposition in 1995, American States moved to amend the judgment and add Crawley as a judgment debtor on an alter ego theory.
 
 
 5
 The district court referred American States' motion to a magistrate judge for hearing and preparation of findings and recommendations. After conducting a hearing, the magistrate judge found that Crawley was CCI's alter ego and recommended granting American States' motion.
 
 
 6
 Crawley filed a motion for reconsideration along with a request for judicial notice, a motion to strike the declaration of American States' attorney Kathleen E. Hegen, a motion to suppress portions of Crawley's own deposition, and a motion to disqualify the magistrate judge. The district judge denied Crawley's motions and adopted the magistrate judge's findings and recommendations in their entirety. Crawley timely appealed.
 
 II
 
 7
 Crawley argues that the district court erred in allowing American States' to amend judgment on the grounds that Crawley was the alter ego of CCI. We review the district court's alter ego finding for clear error. Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333, 1336 (9th Cir.1988).
 
 
 8
 Under California law, a finding of alter ego liability requires " '(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow.' " Jack Farenbaugh & Son v. Belmont Construction Inc., 240 Cal.Rptr. 78, 82-83 (Ct.App.1987) (quoting Automotriz del Gulfo de California v. Resnick, 306 P.2d 1, 3 (Cal.1957)). The district court did not err in finding Crawley to be the alter ego of CCI.
 
 
 9
 American States produced ample evidence of unity of interest between Crawley and CCI. Crawley was the sole officer, shareholder and director of CCI for almost all of CCI's existence. Crawley was the responsible managing officer on CCI's contractors license. Crawley admitted that CCI did not have a regular accounting practice and that CCI's records were a "hodge podge." Crawley borrowed funds from CCI without paying interest and at times advanced funds to CCI. The terms of these loans were not memorialized in writing and at least one of the loans was interest free. Finally, even if a written salary agreement existed between CCI and Crawley, the agreement placed no real restrictions on the amount of money Crawley could draw out of CCI's accounts.
 
 
 10
 American States similarly established that respecting the corporate structure in this case would lead to an inequitable result. Crawley managed and controlled the Morrill litigation in which American States, CCI's liability carrier, expended large sums of money. American States subsequently obtained a $90,032.41 judgment against CCI. After the court entered judgment for American States, Crawley used CCI's assets to pay himself and other creditors instead of satisfying the American States' judgment. CCI sold its physical assets in 1989 and ceased regularly doing business in 1993. Because CCI lacks the means to satisfy American States' judgment, failure to apply the alter ego doctrine would produce an inequitable result.
 
 
 11
 Once the district court determined that Crawley was the alter ego of CCI, amendment of the judgment to add Crawley as a judgment debtor was proper. Federal Rule of Civil Procedure 69(a) governs the execution of judgments awarded by federal courts. In the absence of controlling federal authority, Rule 69(a) requires the district court to follow "practices and procedures of the state in which the district court is held." Fed.R.Civ.P. 69(a).
 
 
 12
 We look to California law to determine whether the amendment of the judgment to include Crawley as a judgment debtor was appropriate in this case. California law permits the court to impose liability under a judgment upon an alter ego who controlled the underlying litigation. Schoenberg v. Benner, 59 Cal.Rptr. 359, 369 (Ct.App.1967). On appeal, Crawley admits that he actively managed the litigation against Morrill and American States for CCI. The district court did not err in granting American States' motion to amend the judgment to add Crawley as a judgment debtor.
 
 III
 
 13
 Crawley contends that even if he was the alter ego of CCI, American States should be barred from adding Crawley as a judgment debtor. Crawley argues that the court must deny a motion to amend a judgment on equitable principles if the movant fails to protect his interest in the judgment or fails to promptly seek redress. See Alexander v. Abbey of the Chimes, 163 Cal.Rptr. 377, 382 (Ct.App.1980) (quoting Rest., Judgments, § 129). In Alexander, the California appellate court denied a motion to amend filed seven years after the original judgment because the movant offered no explanation for the seven year delay. Id. at 381. Crawley argues that equitable principles should similarly bar American States from adding Crawley as a judgment debtor four years after the original judgment against CCI was entered.
 
 
 14
 We are unpersuaded that American States failed to exercise diligence in enforcing the judgment. CCI's appeal of the judgment occupied two of the four years between entry of the judgment and American States' motion to amend. Moreover, American States was not aware of the unity of interest between CCI and Crawley until American States took Crawley's deposition in 1995. After deposing Crawley, American States promptly moved to amend the judgment. Equitable principles did not require the district court to deny American States' motion to add Crawley as a judgment debtor.
 
 IV
 
 15
 Crawley argues that the district court erred by refusing to take judicial notice of facts that were central to Crawley's defense. We review the grant or denial of judicial notice for an abuse of discretion. See Ritter v. Hughes Aircraft Co., 58 F.3d 454, 458 (9th Cir.1995). Crawley requested judicial notice of the dates of various filings and names of parties involved in the Morrill litigation and the action between American States and CCI. These names and dates were a part of the district court record and available as evidence in the presentation of Crawley's case. Because the facts Crawley sought to have judicially noticed were already before the district court, the district court did not abuse its discretion by not granting Crawley's motion for judicial notice.
 
 V
 
 16
 Crawley argues that the district court erred in failing to strike the declaration of American States' attorney Kathleen Hegen. We review denials of motions to strike for an abuse of discretion. Golden Gate Hotel Association v. San Francisco, 18 F.3d 1482, 1485 (9th Cir.1994).
 
 
 17
 California courts routinely admit declarations of opposing counsel to establish the involvement and control of litigation by an alter ego. See, e.g., Farenbaugh, 240 Cal.Rptr. at 81; Alexander, 163 Cal.Rptr. at 380. In this case, the district court relied on Hegen's declaration to determine that Crawley controlled CCI's litigation against both Morrill and American States. On appeal, Crawley disputes the phrasing of Hegen's declaration, but admits that he actively managed the Morrill and American States litigation for CCI. Because the substance of Hegen's declaration is not in dispute, the district court did not abuse its discretion by denying Crawley's motion to strike.
 
 VI
 
 18
 Crawley argues that the district court erred by denying Crawley's motion to suppress his deposition testimony. Crawley contends that he was not given an opportunity to review the deposition transcript and that his deposition contained erroneous testimony. We review the district court's evidentiary decisions for abuse of discretion. Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1399 (9th Cir.1996).
 
 
 19
 Crawley asserts that he was never given the opportunity to review his testimony as required by Cal. Civ. Proc. § 2025(q)(1). Because evidence in the record establishes otherwise, we reject this argument.
 
 
 20
 Crawley also argues that he was entitled to suppression of his deposition testimony because the transcript contained a factual error. At his deposition, Crawley testified that he did not have a specific salary agreement with CCI. Crawley later produced a copy of a written salary agreement with CCI. Crawley claimed that he forgot about the salary agreement during his deposition because he had not reviewed the agreement in many years.
 
 
 21
 Crawley cites no authority that would compel suppression of his deposition testimony on these facts. The district court fully considered Crawley's explanation of his deposition testimony, but determined that the salary agreement was not regularly used to limit the amount of money Crawley could draw out of CCI's accounts. The district court did not abuse its discretion by denying Crawley's motion to suppress.
 
 VII
 
 22
 Crawley argues that the district court erred in denying his motion to disqualify the magistrate judge. Crawley contends that the magistrate judge was biased. Crawley also alleges that the district court was biased. We review allegations of judicial bias for an abuse of discretion. Moideen v. Gillespie, 55 F.3d 1478, 1482 (9th Cir.1995).
 
 
 23
 Under 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if " 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993) (citations omitted). Crawley has not produced any evidence that suggests that the decision of the magistrate judge was the product of prejudice or bias. Crawley has similarly failed to demonstrate that the decision of the district court resulted from prejudice or bias. Without evidence of personal bias, prejudice or interest, adverse rulings by a judge are not sufficient to justify disqualification. Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir.1981); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute valid basis for a bias or partiality motion."). The district court did not abuse its discretion by not recusing itself or disqualifying the magistrate judge.
 
 VIII
 
 24
 We have considered Crawley's remaining claims and determined them to be without merit. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3